◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMIR METOVIC, Appellant. [851 NYS2d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 16, 2007, convicting him of assault in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the right to the retained counsel of his choice at the time of sentencing is not preserved for appellate review as he neither raised that claim before the Supreme Court nor moved to set aside the sentence on that ground (*see People v Lopez,* 71 NY2d 662 [1988]; *People v Demosthene,* 2 AD3d 874 [2003]). In any event, there is no merit to the claim, as the proposed new counsel had not filed a notice of appearance and had not, in fact, been retained by the date of sentencing.

To the extent the defendant's claim that he did not receive effective representation at the time of sentencing is reviewable on direct appeal, the defendant received meaningful representation

at the time of sentencing (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Browning,* 44 AD3d 1067 [2007]; *People v Tinsley,* 32 AD3d 447 [2006]; *People v Orengo,* 286 AD2d 344 [2001], *affd* 97 NY2d 739 [2002]). The sentence imposed was negotiated after defense counsel successfully moved to re-open plea negotiations in the midst of trial, following the complaining witness's testimony as to the severity of his injuries. Notwithstanding the negotiated sentence, defense counsel advocated for a change in the sentence based on the victim's change of heart regarding the sentence to be imposed. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.