■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTINA DONOVAN, Appellant. [941 NYS2d 804]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Meyer, J.), entered October 20, 2009 in Essex County, which sentenced defendant following her conviction of the crime of criminal mischief in the third degree.

In August 2008, defendant waived indictment and, pursuant to a plea agreement, pleaded guilty to criminal mischief in the third degree, a felony. In exchange for her guilty plea, defendant was required to comply with an addiction recovery program and, if she successfully completed the program, the felony plea would be vacated and she would be permitted to plead guilty to a misdemeanor and receive a sentence of three years of probation, and additional misdemeanor charges pending against her would be dismissed. However, if defendant failed to comply with the recovery program, Supreme Court reserved the right to sentence her on the felony charge to which she pleaded guilty.

In July 2009, defendant's case manager determined that, in order to complete the program, defendant would be required to reside in a halfway house until she completed mental health treatment. Upon learning of this development, defendant removed herself from the program. Accordingly, defendant was arrested and returned to Supreme Court for sentencing. Defendant moved to vacate the plea and the court denied the motion. Thereafter, despite the People's request to impose a prison sentence, the court sentenced defendant, in acknowledgment of the treatment progress she had made, to five years of probation and dismissed all other pending misdemeanor charges. Defendant now appeals.

We affirm. Defendant first contends that her plea was not knowing, intelligent and voluntary because she did not have a clear understanding of what the plea agreement entailed. Contrary to defendant's contention, the record demonstrates that Supreme Court adequately advised her of the direct consequences of her plea (*see People v Harnett*, 72 AD3d 232, 233 [2010], *affd* 16 NY3d 200 [2011]; *People v Grimm*, 69 AD3d

1231, 1232 [2010], *lv granted* 14 NY3d 888 [2010]). During the course of the hearing, the terms of the plea were repeatedly stated in detail and the court confirmed on several occasions that defendant understood the plea and the potential consequences of failing to fulfill the terms of her probation, including sentencing on the felony conviction. Defendant also confirmed that she had received adequate time to discuss the plea and was satisfied with her representation by counsel. Notably, defendant did not challenge the voluntariness of her plea until more than one year later, after she failed to comply with the provisions of the plea agreement.

Defendant also contends that her plea was not knowing, intelligent and voluntary because she was not informed that changes to her treatment plan and length could be imposed by her case manager. However, inasmuch as the details of her treatment regimen were not an "immediate, definite or automatic result" of her guilty plea, but rather were fashioned by an agency outside Supreme Court's control in response to defendant's particular needs, they were a collateral consequence that the court was under no obligation to explain (*People v Harnett*, 72 AD3d at 235; *see People v Catu*, 4 NY3d 242, 244 [2005]; *People v Muriqi*, 9 AD3d 743, 744 [2004], *lv denied* 3 NY3d 679 [2004]). Additionally, the fact that the court reserved the right during the plea hearing to impose restitution at sentencing does not provide grounds for defendant to withdraw her plea* (*see People v Small*, 82 AD3d 1451, 1452 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Scott*, 74 AD3d 1582 [2010]). Finally, given that counsel negotiated a favorable plea agreement, which included a term of probation when defendant would otherwise have been facing the possibility of consecutive prison sentences, and defendant's acknowledgment that she was satisfied with her representation, we find that defendant was afforded meaningful representation (*see People v Ivey*, 79 AD3d 1531, 1532 [2010], *lv denied* 16 NY3d 859 [2011]; *People v Lopez*, 74 AD3d 1498, 1499 [2010]).

Defendant's remaining contentions have been examined and found to be without merit.

Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* No restitution was actually imposed.