Rose, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 5, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant waived indictment and was charged by a superior court information with one count of burglary in the second degree. He thereafter pleaded guilty to the charge in return for entry into a judicial diversion program, the successful completion of which would allow him to withdraw his plea, plead guilty to attempted burglary in the second degree and be sentenced to a term of probation. Defendant then entered a residential treatment facility as part of the program. Within two months, however, he was implicated as a drug dealer to other residents of the facility and he admitted to using drugs in the facility. After a meeting of the treatment court team, at which defendant was represented by counsel, the team concluded that his history of failed attempts at treatment and egregious conduct at the residential facility warranted termination from the judicial diversion program. Defendant then requested a hearing, at which County Court heard testimony from the clinical director of the facility and defendant. In his testimony, defendant admitted that, in violation of his contract, he witnessed other residents of the facility using drugs but did not report it and, while a resident of the facility, he used suboxone and heroin. Although defendant denied that he had supplied drugs to other residents, *1109 County Court discredited his denial, found his violations of the terms of his contract to be egregious, terminated him from the program and sentenced him to a prison term of seven years, with five years of postrelease supervision.
Defendant appeals, contending that County Court improperly delegated its authority to terminate him from the judicial diversion program to the treatment team and to the prosecutor as a member of that team. He also argues that the hearing held by the court did not satisfy due process. While we agree that County Court made comments prior to the termination hearing that suggested it was deferring to the team, the record is clear that, ultimately, the treatment team played an advisory role and it was the court that finally determined, after sufficient inquiry, to terminate defendant from the program. We therefore find no basis for the claim that the court improperly delegated its authority to determine whether to terminate defendant from the program (see CPL 216.05 [9] [c]).
Nor did County Court fail to provide defendant with “a summary hearing consistent with due process and sufficient to satisfy the court that the defendant has, in fact, violated the condition” (CPL 216.05 [9] [b]; see People v Fiammegta, 14 NY3d 90, 98 [2010]). As for defendant’s contention that he had a contractual right to the type of hearing authorized by CPL 410.70, he did not preserve that right by specifically raising it before County Court. Even if we were to consider that argument, our review of the record of the termination hearing would reflect that the burden of proof required in a postsentencing probation revocation hearing was met (see CPL 410.70 [3]).
Finally, we reject defendant’s contention that termination was an abuse of County Court’s discretion here (see CPL 216.05 [9] [c]). Although defendant attempts to minimize his conduct as a single relapse, the basis for his termination was his admitted repeated use of drugs shortly after entering treatment, his multiple violations of the terms of his contract and his egregious conduct as a supplier of illegal drugs to other residents of the treatment facility. Furthermore, the record reveals that he has a longstanding criminal history associated with his drug use and he has been unsuccessful in treatment on multiple prior occasions.
Peters, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.