*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 4, 2014                105289
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                    MEMORANDUM AND ORDER

ELLEN COONEY,
                        Appellant.
_____


Calendar Date:   August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                        _____


        Richard V. Manning, Parishville, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered August 9, 2012, convicting
defendant upon her plea of guilty of the crime of attempted
burglary in the second degree.

        In full satisfaction of several pending charges, defendant
pleaded guilty to a superior court information charging her with
attempted burglary in the second degree, with the understanding
that, if she completed a judicial diversion program (hereinafter
JDP) (see CPL 216.05), she would be sentenced to five years of
probation.  County Court placed defendant on interim probation
and informed her that if she was unsuccessful in the JDP, she
would be sentenced to the maximum sentence of seven years in
prison plus five years of postrelease supervision.  Approximately

one year later, defendant was arrested.  She waived her right to a hearing and admitted to committing criminal trespass in the second degree, and was discharged from the JDP.  She was then sentenced, as a second violent felony offender, to 6½ years in prison, to be followed by five years of postrelease supervision. Defendant now appeals, and the People concede that her purported waiver of the right to appeal was invalid.  Nevertheless, her arguments lack merit, as the People argue.

Initially, we note that defendant failed to preserve, by appropriate postallocution motion, her argument that she was denied due process because she was not represented by counsel during JDP status conferences (see CPL 216.05 [8]) and at the meeting of the treatment court team in which it was concluded that she should be terminated from the JDP.  Moreover, the record reveals that in her JDP contract — which was signed by defendant and her counsel and discussed in open court — defendant waived the right to have her attorney present during any JDP sanction proceeding except termination, and counsel was present and actively participated in the termination hearing.  Under these circumstances, were this issue properly before us, we would find that defendant received the process she was due (see CPL 216.05 [9] [b]; People v Dawley, 96 AD3d 1108, 1109 [2012], lv denied 19 NY3d 1025 [2012]; see also People v Fiammegta, 14 NY3d 90, 96-98 [2010]).

Furthermore, County Court did not abuse its discretion in terminating her from the JDP, and her sentence was not harsh or excessive.  Defendant was presumptively ineligible for the JDP, given that she was currently charged with, and had previously been convicted of, a violent felony offense (see CPL 216.00 [1]). Although the People consented to her participation in the JDP, defendant was arrested for conduct that bore great similarity to the circumstances surrounding her prior crimes.  Given defendant's extensive criminal history relating to her drug use, which resulted in a prior six-year prison sentence, as well as the similar nature of her latest crime, County Court did not abuse its discretion in either terminating her from the JDP or imposing the concededly lawful 6½-year prison sentence against her (see People v Secore, 102 AD3d 1059, 1060 [2013], lv denied 21 NY3d 1019 [2013]; People v Dawley, 96 AD3d at 1109).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court