## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 11, 2014                    105577
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                     MEMORANDUM AND ORDER

MICHELLE A. DISOTELL,
                        Appellant.
_____

Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Rose and Lynch, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 20, 2012, convicting defendant upon her plea of guilty of the crimes of welfare fraud in the third degree and criminal possession of a forged instrument in the second degree (three counts).

        In satisfaction of a 55-count indictment and other pending charges, defendant pleaded guilty to welfare fraud in the third degree and three counts of criminal possession of a forged instrument in the second degree and purportedly waived her right

to appeal.[1]  The plea agreement contemplated that defendant would receive an aggregate probation sentence of five years if she successfully completed the Judicial Diversion Program and a term of imprisonment if she did not.  Defendant was thereafter charged with violating the terms of that program in multiple respects, and was terminated from the program after waiving her right to a hearing and admitting to the charges (see CPL 216.05 [9]).  County Court imposed the agreed-upon aggregate prison sentence of 4 to 8 years, and further ordered defendant to pay restitution.  County Court was then incorrectly advised that it had sentenced defendant to a count of the indictment to which she had not pleaded guilty and, five days later, resentenced her.  Defendant now appeals.[2]

Defendant's challenge to the voluntariness of her plea is unpreserved due to her failure to seek appropriate postallocution relief (see People v Fate, 117 AD3d 1327, 1328 [2014]).  Contrary to defendant's further contention, her "affirmative and unequivocal responses to County Court's inquiry did not otherwise signal doubt regarding [her] guilt or the voluntariness of [her] plea" such as to bring this case within the narrow exception to the preservation requirement (People v Threatt, 16 AD3d 706, 707 [2005]; see People v Aubrey, 73 AD3d 1393, 1394 [2010], lv denied 16 NY3d 893 [2011]).

Although defendant next argues that County Court abused its discretion in terminating her from the Judicial Diversion Program, she admitted to violating the terms of the program in return for a specified sentence and her failure to attack that agreement before County Court leaves the issue unpreserved (see People v Cooney, 120 AD3d 1445, 1446 [2014]).  Her challenge

---

[1]  The People correctly concede that defendant's appeal waiver is invalid (see People v Villnave, 117 AD3d 1178, 1178 n [2014]).

[2]  The amended "notice of appeal misstates the date upon which the judgment was rendered, [but] we exercise our discretion to overlook the inaccuracy and treat the notice as valid" (People v Pittman, 119 AD3d 1242, 1242 n [2014]; see CPL 460.10 [6]).

to the amount of restitution as lacking record support is similarly unpreserved, as she was aware that restitution would be a component of the sentence and failed to request a restitution hearing or otherwise dispute the amount of the award at sentencing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v White, 119 AD3d 1286, 1287 [2014]). The record, moreover, provides no compelling reason for us to exercise our jurisdiction to reverse or modify in the interest of justice with regard to either issue.

As a final matter, defendant pleaded guilty to counts 1, 8, 38 and 48 of the indictment. County Court resentenced her, however, on counts 1, 8, 38 and 40. Inasmuch as County Court failed to pronounce sentence upon each of the counts to which defendant pleaded guilty, remittal for resentencing is necessary (see CPL 380.20; People v Sturgis, 69 NY2d 816, 817-818 [1987]; People v Volfson, 69 AD3d 1123, 1125 [2010]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court