■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SKIDDS, Appellant. [999 NYS2d 266]—

Stein, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 17, 2012, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the third degree (two counts), and (2) from a judgment of said court, rendered May 29, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

In satisfaction of a six-count indictment, defendant pleaded guilty to two counts of criminal sexual act in the third degree and waived his right to appeal. In accord with the plea agreement, defendant was sentenced to 10 years of probation to be served concurrently with 120 days in jail. Defendant was subsequently charged with violating the condition of probation that he refrain from consuming alcohol, following a positive urine screen test. After a hearing in January 2013, County Court determined that defendant had violated probation and adjourned sentencing to afford him an opportunity to complete treatment. At sentencing, the court revoked defendant's probationary sentence and imposed two consecutive two-year prison terms, to be followed by 10 years of postrelease supervision. Defendant now appeals from both the judgment of conviction and the judgment revoking his probation and imposing a sentence of imprisonment.

Initially, defendant's claim that his guilty plea was not voluntary is unpreserved for our review as it was not raised in a postallocution motion and defendant made no statements during the plea colloquy that would bring this case within the nar-

row exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Rouse*, 119 AD3d 1161, 1162-1163 [2014]; *People v Mydosh*, 117 AD3d 1195, 1196 [2014], *lv denied* 24 NY3d 963 [2014]). Moreover, defendant's assertion that County Court coerced him to refrain from moving to withdraw his guilty plea is belied by the record. To the contrary, County Court offered defendant an opportunity to withdraw his guilty plea, but appropriately cautioned him as to the possible risks of doing so and defendant unequivocally agreed with his counsel's representation that he wished to "stand by his plea." Thus, we discern no basis to disturb defendant's guilty plea.

We reject defendant's contention that his sentence should be modified because County Court considered factors that were not properly before it.[1] In November 2012, just two months after defendant was originally sentenced, the Probation Department filed a petition alleging that defendant had violated probation by consuming alcohol. After a hearing, County Court determined that defendant had violated his probationary sentence, but adjourned sentencing to allow defendant the opportunity to engage in inpatient treatment. Notably, at that time, the court emphasized its position that defendant deserved to be imprisoned and made no promise as to sentence, but indicated that if defendant were successful in completing an inpatient program, it would consider that treatment with respect to sentencing.

In the interim, the Probation Department filed multiple uniform court reports alleging that defendant had violated probation by allowing a person under the age of 17 to reside in his home and by failing to provide a urine sample. At sentencing, County Court addressed the allegation that defendant failed to provide a urine sample, which defendant admitted, albeit with an explanation. County Court thereafter concluded that there was a sufficient basis to move to sentencing on the original violation, revoked probation and imposed terms of imprisonment. In doing so, County Court properly considered the uniform court report which "constituted the functional equivalent of an updated [presentence] report" (*People v Carey*, 86 AD3d 925, 925 [2011] [internal quotation marks and citations omitted], *lv denied* 17 NY3d 814 [2011]). Upon a careful review of the record, we perceive neither an abuse of discretion by County Court nor the existence of extraordinary circumstances that would warrant a reduction of the resentence in the interest

---

1. We note that defendant does not challenge the finding that he violated the relevant condition of probation.

of justice (*see People v Colsten*, 120 AD3d 1508, 1508 [2014]; *People v Crowell*, 119 AD3d 1163, 1163 [2014]).[2]

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur. Ordered that the judgments are affirmed.

---

**2.** We also reject defendant's argument that the sentence should be vacated because County Court (Rogers, J.) improperly questioned him in the absence of his attorney with respect to the allegations that he had permitted a person under the age of 17 to reside in his home. While we agree with defendant that such questioning should not have occurred in counsel's absence, we are unconvinced that reversal is required, as there is no record support for the conclusion that counsel's absence had an impact on County Court's (Richards, J.) determination to revoke his probation and impose consecutive sentences (*see People v Kaetzel*, 117 AD3d 1187, 1188-1189 [2014], *lv denied* 24 NY3d 962 [2014]). Notably, the judge before whom the uncounseled appearance occurred was not the judge who sentenced defendant, and there is no indication in the record that the sentencing judge relied upon any uncounseled statement made by defendant.