*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    105481
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

MICHAEL K. LABAFF,
                        Appellant.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                        _____

        John A. Cirando, Syracuse, for appellant.

        Mary E. Rain, District Attorney, Canton, for respondent.

                        _____

Lynch, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered October 11, 2012, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        In satisfaction of various charges against him, defendant
pleaded guilty to a superior court information charging him with
criminal sale of a controlled substance in the third degree and
purportedly waived his right to appeal.  The plea agreement
contemplated that defendant would enter into the Judicial
Diversion Program and that, if he failed to complete the program,
he would face a term of imprisonment to be followed by
postrelease supervision.  Defendant was ultimately charged with
violating the terms of the program and was terminated from it
after waiving his right to a hearing and admitting that he had

used cocaine and lied to program officials about that usage (see CPL 216.05 [9]). County Court agreed to, and did, sentence defendant to a prison term of six years to be followed by postrelease supervision of three years. Defendant now appeals.

Initially, we agree with defendant that his waiver of the right to appeal is invalid, as "he was not advised that it was a right separate and distinct from the other rights that he was forfeiting by pleading guilty" (People v Bressard, 112 AD3d 988, 988 [2013], lv denied 22 NY3d 1137 [2014]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). Defendant's further challenge to the voluntariness of his plea was not preserved for our review by a postallocution motion to withdraw his plea, and he said nothing during the plea colloquy that would bring this case within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Skidds, 123 AD3d 1342, 1342-1343 [2014]). Likewise, defendant has not preserved his argument that County Court abused its discretion in terminating him from the Judicial Diversion Program, as he admitted to violating the terms of the program in return for a specified sentence and made no effort to attack that agreement before County Court (see People v Disotell, 123 AD3d 1230, 1231 [2014]).

Turning to issues relating to defendant's sentence, we are unpersuaded that the agreed-upon sentence was harsh and excessive given defendant's extensive criminal history (see People v Cooney, 120 AD3d 1445, 1446 [2014]; People v Johnson, 12 AD3d 727, 727-728 [2004], lv denied 4 NY3d 745 [2004]). It is lastly evident from the record that, while County Court referred to defendant as a second felony offender at sentencing, defendant falls within a subset of that category and was actually sentenced as a second felony drug offender (see People v Whalen, 101 AD3d 1167, 1170 [2012], lv denied 20 NY3d 1105 [2013]; compare Penal Law § 70.06 [3] [b]; [4] [b], with Penal Law § 70.70 [3] [b] [i]). Accordingly, an amended uniform sentence and commitment form must be prepared that reflects his status as a second felony drug offender (see People v Patterson, 119 AD3d 1157, 1159 [2014], lvs denied 24 NY3d 1042, 1046 [2014]; People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; compare People v Whalen, 101 AD3d at 1170).

Peters, P.J., Egan Jr. and Rose, JJ., concur.


ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.


ENTER:

Robert D. Mayberger
Clerk of the Court