Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered May 1, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his guilty plea, of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a forged instrument in the second degree (§ 170.25). Defendant contends in each appeal that his respective pleas were involuntarily entered because County Court failed to advise him of all of the constitutional rights he would be forfeiting upon pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 361 [2013]). By failing to move to withdraw the respective pleas or to vacate the respective judgments of conviction, however, defendant failed to preserve his contention for our review (see CPL 470.05 [2]; People v Watkins, 77 AD3d 1403, 1403 [2010], lv denied 15 NY3d 956 [2010]), and the “narrow exception” to *1352 the preservation rule does not apply because defendant did not say anything during the respective plea colloquies that cast significant doubt on his guilt or otherwise called into question the voluntariness of his pleas (People v Lopez, 71 NY2d 662, 666 [1988]). Although the Court of Appeals in Tyrell vacated a guilty plea based on an unpreserved Boykins claim, the defendant in that case was sentenced immediately following his plea and thus did not have an opportunity to move to withdraw his plea (see Tyrell, 22 NY3d at 364). Here, in contrast, defendant was sentenced more than two months after he entered his guilty pleas, thus affording him ample time to bring a motion.
We reject defendant’s further contention in both appeals that the court abused its discretion in terminating him from a drug treatment program after he admittedly violated the conditions of the program. “Courts are afforded great deference in making judicial diversion determinations, and we perceive no abuse of discretion here” (People v Williams, 105 AD3d 1428, 1428 [2013], lv denied 21 NY3d 1021 [2013]; see CPL 216.05 [9] [c]; People v Dawley, 96 AD3d 1108, 1109 [2012], lv denied 19 NY3d 1025 [2012]). Finally, considering defendant’s extensive criminal record and the multiple opportunities he has had to obtain substance abuse treatment, we decline to modify his sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Present — Centra, J.P., Peradotto, Lindley, Whalen and DeJoseph, JJ.