*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016      107307
107614

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                   Respondent,

     v                                  MEMORANDUM AND ORDER

ALLEN FOREST,
                   Appellant.

_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

    Pamela B. Bleiwas, Ithaca, for appellant.

    Gwen Wilkinson, District Attorney, Ithaca (Eliza Filipowski of counsel), for respondent.

_____

Clark, J.

    Appeals (1) from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered October 29, 2014, convicting defendant upon his plea of guilty of the crime of forgery in the second degree, and (2) by permission, from an order of said court, entered May 12, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

    In satisfaction of a five-count indictment stemming from defendant's use of a stolen credit card to make unauthorized purchases at two convenience stores, defendant pleaded guilty to the crime of forgery in the second degree, admitting that he signed the cardholder's name without permission.  The plea

agreement provided that defendant would successfully complete drug treatment and then enter the Judicial Diversion Program (hereinafter JDP) (see CPL 216.05) and that, upon his successful completion of the JDP, he could withdraw his guilty plea and enter a plea to a misdemeanor.  The agreement contemplated that if defendant failed to abide by the conditions of the JDP, he could be sentenced, as a second felony offender, to a prison term up to 3½ to 7 years.  Pursuant to the agreement, defendant signed a plea memorandum outlining those plea terms, admitted his predicate felony and agreed to waive his right to appeal.  He successfully completed substance abuse treatment, was accepted into the JDP and signed a JDP contract.  In September 2014, defendant admitted that he had absconded from the drug court program and violated the JDP contract conditions by failing to report to drug court and by using drugs.  County Court terminated him from the JDP and imposed a prison sentence of 3 to 6 years. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment was denied.  Defendant now appeals from the judgment and, with permission, from the order denying his motion to vacate.

Defendant's contention that his guilty plea was not knowing and voluntary, which survives the unchallenged appeal waiver (see People v Moulton, 134 AD3d 1251, 1252 [2015]), was not preserved for our review by an appropriate postallocution motion pursuant to CPL 220.60 (3), despite ample opportunity to do so within the many months between his guilty plea and sentencing (see People v Labaff, 127 AD3d 1471, 1471 [2015], lv denied 26 NY3d 931 [2015]; People v Disotell, 123 AD3d 1230, 1231 [2014], lv denied 25 NY3d 1162 [2015]; see also People v Conceicao, 26 NY3d 375, 382 [2015]; People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Peque, 22 NY3d 168, 182 [2013]).  A review of the plea allocution discloses that defendant did not say anything that raised significant doubt as to his guilt or called into question the voluntariness of his guilty plea so as to bring this case within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Disotell, 123 AD3d at 1231; see also People v Williams, 27 NY3d 212, 220 [2016]).

Next, defendant's motion to vacate the judgment was

premised upon the claim that, as relevant here, his guilty plea was not knowing and voluntary as a result of ineffective assistance of counsel, in that counsel failed to disclose to him (or the prosecutor) that a witness had signed an exculpatory affidavit prior to his guilty plea. Specifically, the witness asserted that she had reviewed a photo supplied by the People, taken from the convenience store surveillance video, and that the woman depicted therein was her but that the man next to her in the photo was not defendant, who she knew, and that she did not witness him use a stolen credit card on that day. Initially, while defendant claimed in his affidavit in support of the motion that counsel did not disclose the affidavit to him, he did not allege that he was unaware of it, and his letter to counsel submitted in support of the motion suggests that he was aware of it. Even assuming that defendant was unaware of the affidavit, a letter to defendant from defense counsel explained that the purpose of the affidavit was to impeach the witness if she were called by the People to testify; as the charges were resolved with a plea, there was no need to admit the affidavit into evidence.[1] Notably, two police officers identified defendant as the person in the surveillance video and, when confronted with pictures taken from that video, defendant admitted that it was him depicted in that video and that he had made purchases at the convenience store that day, and he later disclosed that he had obtained the credit card from "a girl." In view of this strong evidence of guilt, and given that the record establishes that defendant received a favorable plea agreement that would have allowed him to avoid a felony conviction and prison had he complied with the drug court conditions, we are unpersuaded that his guilty plea was not knowing or voluntary due to any ineffective assistance of counsel or that he would not have pleaded guilty had he known about the affidavit (see People v

---

[1] The evidence established that defense counsel had informed the prosecutor about this affidavit. Given that defendant did not establish that his plea was procured by misrepresentation or fraud "on the part of the court or a prosecutor" (CPL 440.10 [1] [b]), this aspect of his motion to vacate was properly denied.

Soprano, 135 AD3d 1243, 1243 [2016], lv denied 27 NY3d 1007 [2016]; People v Gonzalez, 130 AD3d 1089, 1090 [2015]). Accordingly, County Court properly denied defendant's motion to vacate premised upon CPL 440.10 (1) (h).

Lahtinen, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court