*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    107147
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

CHRISTOPHER AUSTIN,
                        Appellant.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Jonathan Jirik,
Law Intern), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered February 11, 2014, convicting
defendant upon his plea of guilty of the crime of burglary in the
third degree.

        In August 2012, in satisfaction of various charges against
him, defendant signed an appeal waiver in open court and pleaded
guilty to the crime of burglary in the third degree.  The plea
agreement contemplated that defendant would enter into the
judicial diversion program and that, if he failed to complete the
program, he could face 3½ to 7 years in prison.  In November
2013, after multiple unsuccessful attempts at treatment,
defendant was charged with violating the terms of the judicial

diversion program contract and was terminated from the program after waiving his right to a hearing and admitting that he had violated those terms in numerous respects. County Court sentenced defendant as a second felony offender to a prison term of 3 to 6 years. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his plea was not knowing, voluntary and intelligent because County Court failed to explain a direct consequence of his plea – specifically, the "specific period" that he was required to participate in "substance abuse treatment" as part of judicial diversion program (see CPL 216.05 [5]; People v Monk, 21 NY3d 27, 32 [2013]; People v Harnett, 16 NY3d 200, 205-206 [2011]). "[I]nasmuch as the duration of his treatment regimen was not an immediate, definite or automatic result of his guilty plea but, rather, was fashioned by the judicial diversion program outside of County Court's control in response to defendant's particular treatment needs and his ongoing response to that treatment, it was a collateral consequence of his plea subject to the preservation requirement" (People v Smith, 136 AD3d 1107, 1108 [2016] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 13, 2016]; see People v Peque, 22 NY3d 168, 184 [2013]; People v Monk, 21 NY3d at 32). To that end, defendant's challenge to the voluntariness of his plea was not preserved due to his failure to seek appropriate postallocution relief (see People v Labaff, 127 AD3d 1471, 1471 [2015], lv denied 26 NY3d 931 [2015]; People v Disotell, 123 AD3d 1230, 1231 [2014], lv denied 25 NY3d 1162 [2015]). Indeed, defendant did not challenge the voluntariness of his plea until this appeal and after having admitted to failing to comply with the terms of the judicial diversion program contract (see People v Smith, 136 AD3d at 1108; People v Donovan, 94 AD3d 1230, 1231 [2012]). Contrary to defendant's further contention, he did not make any statements during the plea colloquy that cast doubt upon his guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation rule or obligate County Court to inquire as to a potential intoxication defense (see People v Buck, 136 AD3d 1117, 1118 n 2 [2016]; People v Pearson, 110 AD3d 1116, 1116 [2013]; People v Jones, 73 AD3d 1386, 1387 [2010]; People v Phillips, 30 AD3d 911, 911 [2006], lv denied 7 NY3d 869 [2006]).

Concerning defendant's challenge to the sentence imposed, we find that the appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]), and, therefore, defendant is precluded from challenging his sentence as harsh and excessive (see People v Lopez, 6 NY3d at 256; People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]; People v Mills, 85 AD3d 1448, 1448 [2011]; People v Sofia, 62 AD3d 1159, 1160 [2009]).  As for defendant's ineffective assistance of counsel claim, even assuming such claim impacts upon the voluntariness of his plea and, hence, survives his valid waiver of appeal (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]; People v Buswell, 88 AD3d 1164, 1164 [2011]), there is no indication on this record that defendant made an appropriate postallocution motion. Accordingly, this issue is unpreserved for our review (see People v Smalls, 128 AD3d 1281, 1282 [2015], lv denied 27 NY3d 1006 [2016]; People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]).  Even if we were to consider defendant's contention that counsel's failure to request an enhancement hearing was error, we would find it to be without merit as County Court "was possessed of sufficient reliable and accurate information" – notably the results of a hearing held in jail that found defendant refused a drug test – so as "to warrant imposition of [an] enhanced sentence" (People v Waite, 119 AD3d 1086, 1088 [2014]; see People v Outley, 80 NY2d 702, 713 [1993]). To the extent that defendant's remaining arguments have not been specifically addressed, including his claim that he was not provided notice of the allegations in the violation petition to which he had already admitted, those claims have been examined and found to be lacking in merit.

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court