Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:   November 3, 2016                    107221
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOHN R. EMPEY,
                        Appellant.
_____


Calendar Date:   September 12, 2016

Before:   Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

                    _____


        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Gary M. Pasqua, Special Prosecutor, Malone, for respondent.


                    _____


Egan Jr., J.P.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered November 21, 2014, convicting
defendant upon his plea of guilty of the crime of aggravated
driving while intoxicated.

        Defendant, who had eight prior convictions for driving
while intoxicated, waived indictment and agreed to be prosecuted
pursuant to a superior court information charging him with
aggravated driving while intoxicated.  Plea discussions ensued
and, in return for his acceptance into the Judicial Diversion
Program (hereinafter JDP) (see CPL 216.05), defendant pleaded
guilty as charged, admitted his status as a persistent felony
offender and waived his right to appeal – both orally and in
writing.  Pursuant to the terms of the plea agreement and the
resulting JDP contract, defendant was to be placed on interim

probation for a period of up to two years. If defendant successfully completed the JDP, he would be sentenced to "straight probation" for a period of five years; if he did not successfully complete the JDP, he could be sentenced as a persistent felony offender to a prison term having a minimum period of 15 to 25 years and a maximum period of life. At the conclusion of the plea colloquy, defendant signed a contract formalizing the terms and conditions of his participation in the JDP.

After violating multiple terms and conditions of the JDP contract, defendant was issued a termination notice. Defendant thereafter waived his right to a hearing and admitted to certain violations — including testing positive for oxycodone that had not been prescribed for him. Following a hearing to determine whether defendant should be sentenced as a persistent felony offender (see CPL 400.20), County Court sentenced defendant as such to a prison term of 15 years to life. Defendant now appeals.

Preliminarily, we reject defendant's claim that his waiver of the right to appeal was not knowing, intelligent and voluntary. County Court adequately explained the rights that defendant was forfeiting by pleading guilty — distinguishing the right to appeal as separate and distinct from the trial rights that defendant was forgoing — and defendant communicated his understanding thereof. In addition, defendant signed a detailed written waiver in open court. "While the better practice would have been for the court to specifically ask defendant if he had discussed the appeal waiver with counsel and establish that he had read the written waiver before signing it, considering all of the relevant facts and circumstances surrounding the waiver, including defendant's experience, we are satisfied that the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal" (People v Lester, 141 AD3d 951, 953 [2016] [internal quotation marks and citations omitted]).

Defendant next contends that his guilty plea was not knowing, intelligent and voluntary because he was not advised of

the specific duration of treatment under the JDP (see CPL 216.05 [5]), which he asserts is a direct consequence of his plea. Although such claim is not foreclosed by defendant's valid appeal waiver (see People v Smith, 136 AD3d 1107, 1108 [2016], lv denied 27 NY3d 1075 [2016]), this Court previously has rejected this very argument — finding that the duration of the treatment regimen imposed under the JDP "was not an immediate, definite or automatic result of [the underlying] guilty plea but, rather, was . . . a collateral consequence of [the] plea subject to the preservation requirement" (id. at 1108 [internal quotation marks and citations omitted]). Inasmuch as the record does not reflect that defendant made an appropriate postallocution motion in this regard, his argument is not preserved for our review (see People v LaBaff, 127 AD3d 1471, 1471 [2015], lv denied 26 NY3d 931 [2015]; People v Disotell, 123 AD3d 1230, 1231 [2014], lv denied 25 NY3d 1162 [2015]). Moreover, the narrow exception to the preservation requirement was not triggered here as defendant made no statements during the course of the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Smith, 136 AD3d at 1108; People v Sawyer, 135 AD3d 1164, 1165 [2016], lv denied 27 NY3d 1006 [2016]).

Defendant's remaining contentions do not warrant extended discussion. Although defendant argues that CPL 400.20 is unconstitutional, the Court of Appeals considered and rejected such a claim in People v Quinones (12 NY3d 116 [2009], cert denied 558 US 821 [2009]), and this Court is bound by that holding (see People v Jackson, 46 AD3d 1110, 1111 [2007], lv denied 10 NY3d 766 [2008]) — notwithstanding certain federal court decisions that defendant urges us to follow. Defendant's related argument challenging the severity of the sentence imposed upon him as a persistent felony offender is foreclosed by his valid waiver of the right to appeal. Finally, defendant's ineffective assistance of counsel claim has not been preserved for our review, and we find no merit to defendant's claim that County Court was biased.

Lynch, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court