■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GRANT, Appellant. [46 NYS3d 424]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 24, 2012 (*People v Grant*, 94 AD3d 1139 [2012]), determining an appeal from a judgment of the Supreme Court, Kings County, rendered February 27, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO D. HARRIS, Appellant. [46 NYS3d 426]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered September 2, 2015, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the right to counsel of his choice during a judicial diversion program status conference is unpreserved for appellate review since he failed to raise this claim before the County Court or move to withdraw his plea of guilty (*see* CPL 470.05 [2]; *People v Cooney*, 120 AD3d 1445, 1446 [2014]; *People v Metovic*, 48 AD3d 832 [2008]).

Contrary to the defendant's contention, the County Court's determination that the defendant violated the conditions of his release under the judicial diversion program was supported by a preponderance of the evidence (*see People v Keller*, 139 AD3d 755 [2016]; *People v Rera*, 103 AD3d 922, 923 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Hall, Cohen and Connolly, JJ., concur.