People v Koontz (2018 NY Slip Op 07779)





People v Koontz


2018 NY Slip Op 07779


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108345

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH KOONTZ, Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered December 18, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal possession of a controlled substance in the fourth degree. In return for his acceptance into the judicial diversion program (see CPL 216.05), defendant pleaded guilty as charged in full satisfaction of the superior court information and waived his right to appeal. Consistent with the terms of the plea agreement and the judicial diversion program contract executed by defendant, defendant was advised that, if he failed to complete the program, he could be sentenced to a maximum period of eight years in prison followed by three years of postrelease supervision. Thereafter, defendant was charged in two separate indictments with various drug-related crimes involving the possession and sale of heroin. Because of the charges, defendant was issued a notice of drug court violation. As part of a negotiated global disposition of the two indictments and notice of drug court violation, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree in full satisfaction of the indictments and waived his right to appeal. Defendant also waived his right to a hearing and admitted to violating the terms and conditions of the judicial diversion program contract, with the understanding that County Court would commit to imposing a prison term of seven years, to be followed by three years of postrelease supervision, to run consecutively to the two concurrent two-year prison terms that he was promised in exchange for his guilty plea in satisfaction of the indictments. When defendant appeared for sentencing, defendant reaffirmed his waiver of appeal by executing a written waiver of appeal in open court, and County Court, in accordance with the terms of the global disposition, sentenced defendant to the agreed-upon sentence. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. The plea minutes reflect that, at the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement. Defense counsel confirmed that this was a negotiated term, and defendant verbalized his understanding that he was required to waive his right to appeal as part of the agreement (see People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]). County Court then advised defendant that his appellate rights were separate and distinct from the trial-related rights that he was automatically forfeiting by pleading guilty, allowed defendant to discuss the waiver of appeal with his counsel and confirmed that defendant had no further questions regarding the waiver of appeal (see People v Chaney, 160 AD3d at 1282-1283; People v Savage, 158 AD3d 854, 855 [2018]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]). At sentencing, defendant assented to and executed in open court a written appeal waiver, which stated that he was knowingly and voluntarily waiving his "separate and distinct" right to appeal, that his attorney had counseled him on the legal ramifications and consequences of the waiver and that, among other things, he was giving up his right to appeal to take advantage of the plea agreement offered to him (see People v Lomax, 161 AD3d 1454, 1455 [2018]; People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]; cf. People v Young, 253 AD2d 982, 982-983 [1998], lv denied 92 NY2d 1055 [1999]; see also People v Pope, 129 AD3d 1389, 1391 n [2015, Lynch, J., dissenting] [opining that it is "somewhat peculiar for a written appeal waiver to be executed at sentencing after the waiver is discussed during a plea colloquy" but noting this Court's prior acceptance of such procedure]). Given defendant's valid waiver of appeal, he is foreclosed from now challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gagnon, 153 AD3d at 1452; People v Wood, 150 AD3d 1544, 1545 [2017], lv denied 32 NY3d 942 [2018]; People v Lavalley, 150 AD3d 1339, 1340 [2017]), as he was informed of the maximum prison sentence that could be imposed should he violate the conditions of the plea agreement and fail to complete the judicial diversion program (see People v Savage, 158 AD3d at 855-856; People v Hutchison, 151 AD3d 1481, 1482 [2017]).
Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Tucker, 164 AD3d 948, 950 [2018]), his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]). "Indeed, defendant did not challenge the voluntariness of his plea until this appeal and after having admitted to failing to comply with the terms of the judicial diversion program contract" (People v Austin, 141 AD3d 956, 957 [2016]; see People v Smith, 136 AD3d 1107, 1108 [2016], lv denied 27 NY3d 1075 [2016]; People v Donovan, 94 AD3d 1230, 1231 [2012]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy or sentencing proceeding that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Tucker, 164 AD3d at 950).
Defendant's ineffective assistance of counsel claim survives the valid appeal waiver only to the extent that it implicates the voluntariness of his guilty plea; however, the issue is unpreserved for appellate review (see People v Chaney, 160 AD3d at 1285; People v Empey, 144 AD3d at 1203; People v Austin, 141 AD3d at 957-958).
Devine, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.