People v Oliver (2019 NY Slip Op 06544)





People v Oliver


2019 NY Slip Op 06544


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

109326

[*1]The People of the State of New York, Respondent,
v
Stevland T. Oliver, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Henry C. Meier, Delmar, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Forrest, J.), rendered February 10, 2017, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.
Defendant, in full satisfaction of two separate indictments, entered into a plea agreement whereby he agreed to plead guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree with the understanding that he would enter a judicial diversion program for drug treatment. If successful, defendant would be placed on probation for five years; if unsuccessful, defendant would be sentenced to a term of incarceration followed by a period of postrelease supervision. After being apprised of the trial-related rights that he would be forfeiting, and that the waiver of his right to appeal was a condition of the plea agreement, defendant pleaded guilty to the above charges, orally waived his right to appeal and executed a contract governing his participation in the judicial diversion program, which also served as his written appeal waiver.
Defendant was released from the local jail directly to an inpatient rehabilitation program; however, once transferred, it was discovered that he had an untreated medical condition, requiring him to be placed at a facility capable of more comprehensive medical care. Because no other inpatient rehabilitation program equipped to treat his medical condition had an opening for him, defendant was released to the community while he waited for appropriate inpatient placement. As required by the terms of his judicial diversion program contract, he provided his drug court coordinator with the address where he would be staying. Subsequent curfew checks in the days following his release, however, suggested that defendant had not provided an accurate address. Additionally, law enforcement became aware that defendant had posted a video to social media in which he made certain threatening statements. Accordingly, defendant was brought in on a warrant, and a termination hearing was scheduled. After the hearing, County Court determined that defendant materially breached his contract by being dishonest about his whereabouts and that defendant posed a threat to community safety, as evinced by his social media posting. Finding that nothing short of termination from the judicial diversion program was warranted, the court terminated defendant's participation therein and sentenced him to two concurrent prison terms of three years, to be followed by two years of postrelease supervision. Defendant appeals.
Trial courts have broad discretion when supervising a defendant subject to a judicial diversion program and deciding whether the conditions of the program's plea agreement have been met (see People v Fiammegta, 14 NY3d 90, 96 [2010]; People v Lundy, 162 AD3d 1535, 1535 [2018]; see generally CPL 216.05 [9] [c]). Defendant's drug court coordinator testified at the hearing that, after defendant's whereabouts were called into question, defendant initially explained that he could not stay at the address he provided because he got into a confrontation with his host, but, in a subsequent conversation, added that he felt that he could not stay at that address because there was drug use in the household. Defendant's host, however, credibly testified that she was unaware that defendant had even been released from the local jail and that, in light of her three years of sobriety, she would never permit any drug use in her home. Further, defendant admitted to his drug court coordinator that he knew it was wrong of him not to provide her with his change in address, whatever the reason. As to the subject video, a law enforcement witness testified that, during the time when defendant's whereabouts were unknown, defendant posted a video on Facebook wherein he stated that he would "smoke" a specific, but unnamed, person, which police feared meant that defendant intended on shooting the confidential informant in the underlying criminal matter. Under these circumstances, and taking into account defendant's criminal history involving drug-related crimes, we cannot conclude that County Court abused its broad discretion in terminating defendant's participation in the judicial diversion program (see People v Dawley, 96 AD3d 1108, 1109 [2012], lv denied 19 NY3d 1025 [2012]; see also People v Lundy, 162 AD3d at 1535-1536; People v Myers, 145 AD3d 1596, 1597-1598 [2016], affd 32 NY3d 18 [2018]; People v Secore, 102 AD3d 1059, 1060 [2013], lv denied 21 NY3d 1019 [2013]). Defendant's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.