OPINION OF THE COURT
Charles Apotheker, J.
Defendant was charged by indictment with the crimes of grand larceny in the fourth degree (Penal Law § 155.30 [8]), and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), both class E felonies. Defendant requested judicial diversion on November 9, 2010. Honorable William Nelson granted defendant’s request for an alcohol and substance abuse evaluation, which was completed on November 10, 2010, and concluded that the defendant was appropriate for judicial diversion. The Office of the District Attorney has no objection to the defendant entering the diversion program. Nevertheless, this court determined that the defendant was not appropriate for judicial diversion given his extensive criminal history, which included a conviction for attempted robbery in the third degree in 1986 (Penal Law §§ 110.00, 160.05).
On December 1, 2010, this court received a letter requesting a hearing as a result of the defendant’s denial into the diversion program. The defendant’s request for a hearing was granted, in that the defendant could submit written arguments in support of his request for judicial diversion. The defendant’s papers were received on February 14, 2011. On February 23, 2011, the People advised that they will not respond to defendant’s written submission.
*791 In accordance with CPL 216.05 (3) (b) this court must make the following findings with respect to whether:
“(i) the defendant is an eligible defendant as defined in subdivision one of section 216.00 of this article;
“(ii) the defendant has a history of alcohol or substance abuse or dependence;
“(iii) such alcohol or substance abuse or dependence is a contributing factor to the defendant’s criminal behavior;
“(iv) the defendant’s participation in judicial diversion could effectively address such abuse or dependence; and
“(v) institutional confinement of the defendant is or may not be necessary for the protection of the public.”
The defendant is eligible for judicial diversion as defined in CPL 216.00 (1). The alcohol and substance abuse evaluation concluded that the defendant has a history of substance abuse and dependance.
The defendant’s criminal history includes a total of 16 convictions in the State of New York, three of which are felonies, one youthful offender felony adjudication, and two felony convictions in the State of New Jersey. In addition, the defendant has had three failure to appear counts. The defendant is 44 years old. The defendant’s arrest history spans a 28-year period during those 44 years. Defendant has received five separate probation sentences, only three of which he has successfully completed. Finally, defendant has received two New York State prison sentences and one New Jersey state prison sentence.
In reviewing the defendant’s alcohol and substance abuse evaluation defendant self-reports that his drug use became a problem at age 21 and his heaviest drug use was in 2000. Defendant’s criminal history begins in 1982 with his most recent conviction occurring in March 2010. From 1982 to 2010, only 4 of the 18 convictions/adjudications were related to drugs. Three of the four drug-related convictions occurred between 1998 and 2001, one occurring in 2006. In reviewing the alcohol and substance abuse evaluation the defendant’s answers are inconsistent. In some areas he states that he desires treatment. In other areas he states that he strongly disagrees that drug use is a serious problem in his life. Furthermore, when questioned about the treatment desired defendant checked “none.” He did indicate however that he strongly agrees with the statement *792 that he is tired of using drugs and wants to change but cannot on his own. This court therefore has no conclusive evidence that the defendant’s substance abuse or dependance is a contributing factor to his long history of criminal behavior.
Moreover, judicial diversion will not effectively address the defendant’s substance abuse or dependance because it is unlikely that the defendant could abide by the strict conditions set forth in the judicial diversion program. The defendant consistently and continually breaks the law regardless of the sentences he has received and this court has no reason to believe he will not continue to do so while at liberty if placed into the judicial diversion program. Based upon on the defendant’s continuous disregard for the law, institutional confinement of the defendant may be necessary for the protection of the public.
It should be noted that even if this court found that the defendant met the criteria set forth in article 216 of the CPL, the decision to grant a defendant judicial diversion remains in the discretion of the court. This discretion permits the granting of judicial diversion over the objection of the Office of the District Attorney and permits denial of diversion even without objection by the District Attorney. There is nothing in the statute that states that a defendant has an inherent right to be granted judicial diversion; only that he be considered. While the court is obligated to grant a defendant’s request for diversion if a defendant meets all the criteria set forth in article 216 of the CPL, the court still has the discretion to deny entry into such program.
The defendant argues that the judicial diversion statute sets forth what evidence that the court may consider in determining whether a defendant should be offered diversion. Specifically, defendant argues that CPL 216.05 (3) states that the court may consider a conviction within the preceding 10 years for a violent felony as defined in the Penal Law or for any offense for which a defendant would not receive merit time allowance.
In reviewing the relied upon portion of CPL 216.05 (3) (a) (i), the statute provides:
“Upon receipt of the evaluation report either party may request a hearing on the issue of whether the eligible defendant should be offered alcohol or substance abuse treatment pursuant to this article . . . the court may consider oral and written arguments, may take testimony from witnesses offered *793 by either party, and may consider any relevant evidence including, but not limited to, evidence that:
“(i) the defendant had within the preceding ten years . . . been adjudicated a youthful offender for: (A) a violent felony offense . . . (B) any offense for which a merit time allowance is not available.”
The relevant portion of the statute provides the court with authority to consider a youthful offender adjudication, which is sealed unless otherwise provided by statute. (See CPL 720.35 [2].) Moreover, CPL 216.05 (3) provides great latitude as to what the court may consider when determining whether a defendant is appropriate for judicial diversion. Although the statute does not define “any relevant evidence,” the types of crimes that a defendant may have committed regardless of when these crimes were committed is relevant. Although this defendant has not committed crimes designated “violent” by statute, the crimes committed are considered violent by societal norms, including attempted robbery in the third degree (Penal Law §§ 110.00, 160.05). This court has a reputation of being pro treatment and has presided over the Rockland County Drug Court for 6 out of the last 10 years. However, the court should not ignore common sense and put the community at risk by allowing community based treatment for persons whose criminal history include crimes of violence. I do not believe that the New York State Legislature intended defendants to only be judged on their current charge before the court and not on their entire criminal history when it fashioned the judicial diversion statutes. The judicial diversion statutes are guidelines for the court, not an excuse to ignore common sense.
Therefore, based upon the foregoing, this court finds that the defendant is not an appropriate candidate for judicial diversion.