■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX C. BUSWELL, Appellant. [931 NYS2d 543]—

Mercure, J.P.

Defendant was charged in a three-count indictment with various crimes after he sold ecstasy to a police informant during a controlled buy operation. Pursuant to a plea agreement, he entered a plea of guilty to attempted criminal sale of a controlled substance in the fifth degree in satisfaction of the indictment and purportedly waived his right to appeal. County Court denied his subsequent motion to withdraw his plea and imposed the agreed-upon sentence of 90 days in jail followed by five years of probation. Defendant now appeals, arguing that the court should have granted his motion based upon the ineffectiveness of his counsel.

Although defendant's ineffective assistance of counsel argument implicates the voluntariness of his guilty plea and thus survives his appeal waiver (*see People v Shurock*, 83 AD3d 1342, 1344 [2011]; *People v Fitzgerald*, 56 AD3d 811, 812 [2008]), defendant's argument in that regard is unavailing. His primary contention in support of his motion to withdraw his plea was that his counsel failed to advise him regarding the judicial di-

version program created by CPL article 216. We note that whether an eligible defendant will be offered judicial diversion pursuant to that article is within the trial court's discretion (*see* CPL 216.05 [4]). Here, in denying defendant's withdrawal motion, County Court stated that under the circumstances of this case it would not have exercised its discretion in defendant's favor even if an application had been made. Inasmuch as judicial diversion would not have been available to defendant and he has produced no other "evidence of innocence, fraud or mistake in the inducement" (*People v Waters*, 80 AD3d 1002, 1003 [2011], *lv denied* 16 NY3d 858 [2011]; *see People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010]), the court did not abuse its discretion in denying defendant's motion to withdraw his plea. Defendant's remaining contentions have been considered and found to be without merit.

Malone Jr., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).