■ In the Matter of DAMION CARTY, Petitioner, v JOHN S. HALL, JR., as County Judge of Warren County, et al., Respondents. [939 NYS2d 609]—

Garry, J.

It is undisputed that petitioner is an "eligible defendant" as statutorily defined (*see* CPL 216.00 [1]), who may be allowed to participate in the judicial diversion program (*see* CPL 216.05). Petitioner argues that respondent erred in failing to order that the evaluation be performed prior to denying him entry into the program. We disagree. The statute provides that "the court at the request of the eligible defendant, *may* order an alcohol and substance abuse evaluation" (CPL 216.05 [1] [emphasis added]). Thus, this initial determination clearly lies within the discretion of the court, as does the determination following review of such report (*see* CPL 216.05 [4]; *People v Buswell*, 88 AD3d 1164, 1165 [2011]). Accordingly, the extraordinary remedies of prohibition and mandamus are not available (*see People v Williams*, 14 NY3d 198, 221 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *Matter of Johnson v Corbitt*, 87 AD3d 1214, 1215 [2011], *lv denied* 18 NY3d 882 [2011]), nor is petitioner entitled to seek a declaratory judgment in this pending criminal action (*see Cayuga Indian Nation of N.Y. v Gould*, 14 NY3d 614, 633 [2010], *cert denied* 562 US —, 131 S Ct 353 [2010]).

Finally, contrary to petitioner's assertions, the record reveals that respondent provided a full and fair hearing on the issue, and we find no violation of due process or equal protection. Although petitioner is faced with the inherent and grave risk of deportation if he is convicted, his participation in a discretionary program is not mandated so as to avoid this harsh collateral result.

Lahtinen, J.P., Spain, Stein and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.