# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

364

KA 12-00370

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ERIC P. WILLIAMS, DEFENDANT-APPELLANT.

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 3, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We reject defendant's contention that County Court erred in refusing to order judicial diversion instead of incarceration. The court considered the statutory factors pursuant to CPL 216.05 (3) (b) in making its determination, including whether defendant was eligible for diversion, whether he had a history of drug abuse, whether such abuse was a contributing factor to his criminal behavior, whether diversion could effectively address such abuse, and whether institutional confinement of defendant was necessary for the protection of the public. Courts are afforded great deference in making judicial diversion determinations, and we perceive no abuse of discretion here (*see Matter of Carty v Hall*, 92 AD3d 1191, 1192; *see generally People v Secore*, 102 AD3d 1059, 1060; *People v Dawley*, 96 AD3d 1108, 1109, *lv denied* 19 NY3d 1025; *People v Hombach*, 31 Misc 3d 789, 792). To the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea (*see People v Hawkins*, 94 AD3d 1439, 1440-1441, *lv denied* 19 NY3d 974), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404). We note that, although defense counsel's request that defendant be evaluated pursuant to CPL 216.05 was improperly made after defendant entered his plea of guilty, the court ignored that procedural error and reached the judicial diversion issue on the merits. We further conclude that the sentence is not unduly harsh or

severe.