Egan Jr., J.
Defendant was charged in two separate indictments with vari *1384 ous drug-related offenses and, in connection therewith, applied for participation in the judicial diversion program (see CPL art 216). After considering the submissions tendered by defendant and the People, County Court denied defendant’s application. Thereafter, in full satisfaction of both indictments, as well as a probation violation, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree and, further, admitted violating the terms of his probation. Defendant then was sentenced, as a second felony offender, to the agreed-upon aggregate prison term of 44/2 years followed by three years of postrelease supervision. This appeal by defendant ensued.
Defendant’s sole argument upon appeal is that County Court abused its discretion in denying his application for participation in the judicial diversion program. To the extent that defendant did not abandon this issue by failing to request a hearing in this regard (see CPL 216.05 [3] [a]), we nonetheless find defendant’s argument to be lacking in merit. “Courts are afforded great deference in making judicial diversion determinations” (People v Williams, 105 AD3d 1428, 1428 [2013], lv denied 21 NY3d 1021 [2013] [citations omitted]; see People v Buswell, 88 AD3d 1164, 1165 [2011]; see also Matter of Carty v Hall, 92 AD3d 1191, 1192 [2012]). Inasmuch as the record before us reflects that County Court denied defendant’s application based upon his extensive criminal history and threat to public safety, we discern no abuse of discretion here (see People v Williams, 105 AD3d at 1428). Accordingly, the judgment of conviction is affirmed.
Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.