# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1266**

**KA 13-00802**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

VINCENT D. CARPER, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered March 4, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, County Court did not err in summarily denying his application for judicial diversion pursuant to CPL 216.05. "Courts are afforded great deference in making judicial diversion determinations" (*People v Williams*, 105 AD3d 1428, 1428, *lv denied* 21 NY3d 1021), and we perceive no abuse of discretion here. Also contrary to defendant's contention, the court did not err in failing to order an alcohol and substance abuse evaluation before denying his application. According to the plain language of CPL 216.05 (1), "[s]uch an evaluation is permissive" (*People v O'Keefe*, 112 AD3d 524, 524, *lv denied* 23 NY3d 1023), and the determination whether to order such an evaluation "clearly lies within the discretion of the court" (*Matter of Carty v Hall*, 92 AD3d 1191, 1192). Here, we perceive no abuse of discretion. Furthermore, "the court was not required to make explicit findings as to why it summarily denied" defendant's application (*O'Keefe*, 112 AD3d at 525). We note in any event that the court's decision denying the application is supported by defendant's "extensive criminal history and threat to public safety" (*People v Powell*, 110 AD3d 1383, 1384).

Entered: January 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court