■ The People of the State of New York, Respondent, v Jarmond Pittman, Appellant. [33 NYS3d 443]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered May 1, 2014, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two counts of criminal possession of a controlled substance in the third degree, class B felonies, after he was arrested for possessing approximately 50 bags of crack cocaine. Following the denial, after a hearing, of his application for participation in a judicial diversion program (hereinafter JDP) (see CPL 216.05), the defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree in full satisfaction of the indictment, specifically preserving his right to appeal the denial of his application to participate in a JDP. He was thereafter sentenced, as a second felony offender, to a determinate term of imprisonment of six years to be followed by three years of postrelease supervision.

The defendant's sole argument on appeal is that the County Court erred in denying his application to participate in a JDP. "Courts are afforded great deference in making judicial diversion determinations" (People v Williams, 105 AD3d 1428, 1428 [2013]; see People v Powell, 110 AD3d 1383, 1383 [2013]; People v Buswell, 88 AD3d 1164, 1165 [2011]). The court considered the appropriate statutory factors in making its determination (see CPL 216.05 [3] [b]; see generally People v DeYoung, 95 AD3d 71 [2012]), and found that the defendant's alleged history of alcohol and substance abuse was not a contributing factor to his criminal behavior and that he was a threat to public safety. Upon our review of the record, we find that the court providently exercised its discretion in denying the defendant's application to participate in a JDP (see People v Powell, 110 AD3d at 1383; People v Williams, 105 AD3d at 1428). Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.