*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                    107548
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

RASHAD DRISCOLL,
                        Appellant.
_____

Calendar Date:  January 17, 2017

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

_____

        Linda M. Campbell, Syracuse, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 19, 2015, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

        Defendant was charged in a five-count indictment with criminal sale of a controlled substance in the third degree (three counts) and other drug-related crimes stemming from the sale of cocaine on three occasions.  He was subsequently charged in a three-count indictment with criminal sale of a controlled substance in the third degree and other crimes that followed a separate sale of cocaine and his conduct in resisting arrest. County Court consolidated the indictments and denied defendant's

pretrial motions to suppress evidence. Defendant thereafter pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of the first indictment and, under count two of the second indictment, to criminal possession of a controlled substance in the fourth degree, in satisfaction of that indictment, and admitted his predicate drug-related felony conviction. Consistent with the plea agreement, the court imposed concurrent prison sentences of six years with three years of postrelease supervision on each conviction. Defendant appeals.

We affirm. Defendant contends that he was deprived of the effective assistance of counsel in that counsel failed to file an application requesting judicial diversion to a substance abuse treatment program pursuant to CPL 216.05. This claim is unpreserved for our review, as defendant failed to raise it before County Court and the record does not reflect that he moved to withdraw his plea on this ground (see People v Williams, 140 AD3d 1535, 1536 [2016], lv denied 29 NY3d 975 [2016]; People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]). In any event, "in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Khan, 139 AD3d 1261, 1264 [2016] [internal quotation marks and citation omitted], lvs denied 28 NY3d 932, 934 [2016]). Here, defendant's assigned counsel opposed consolidation of the indictments, pursued discovery, made appropriate pretrial motions and competently represented him during the pretrial hearings and secured a favorable plea deal. Defendant then retained new counsel, who reviewed the case history and represented him at the time of the plea.[1] Given that defendant could have received consecutive sentences on each of the four charged drug sales (see Penal Law § 70.25; People v Brown, 8 NY3d 929, 931 [2007]), and that the maximum second felony drug offender sentence for the top count to which he pleaded guilty, a class B felony, was 12 years (see

_____

[1] When defendant expressed that he was not happy with the plea offer, which had remained open for over six months, the People made clear that the offer would not change.

Penal Law §§ 70.70 [1] [b]; [3] [b] [i]; 220.39 [1]), defendant benefitted from a favorable plea deal. Further, judicial diversion to drug treatment is discretionary (see People v Powell, 110 AD3d 1383, 1384 [2013]) and, even assuming that he is an "[e]ligible defendant" (CPL 216.00 [1]), the record does not reflect any basis upon which to believe that the court would have deemed it appropriate in view of defendant's extensive criminal history (see CPL 216.05 [3] [b] [v]; [4]; People v Pittman, 140 AD3d 989, 989 [2016]; People v Carper, 124 AD3d 1319, 1320 [2015], lv denied 25 NY3d 949 [2015]; compare People v Cora, 135 AD3d 987, 989 [2016]). Accordingly, were this claim properly before us, we would find that defendant received meaningful representation.

Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Woodruff, 136 AD3d 1073, 1074 [2016]).

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court