Garry, J.
 

 Appeal from a judgment of the County Court of Greene County (Koweek, J.), rendered July 15, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
 

 Defendant pleaded guilty to burglary in the third degree in satisfaction of a five-count indictment and other uncharged crimes. County Court thereafter sentenced him, as a second felony offender, to the agreed-upon prison sentence of 3V2 to 7 years. County Court denied defendant’s subsequent CPL 440.10 motion to vacate the judgment of conviction. Defendant now appeals from the judgment of conviction.
 

 We affirm. We reject defendant’s contention that his plea was coerced by the People’s indication that, if he rejected the plea offer, they would request that County Court sentence him as a persistent felony offender. The plea offer to defendant was that he would plead guilty to one count of burglary in the third degree in satisfaction of various charged and uncharged crimes and that he would receive the sentence imposed. If, however, defendant rejected the plea offer and was thereafter found guilty of the charged and/or as yet uncharged crimes, the People informed defendant that, based upon their understanding of defendant’s criminal record, they would request that defendant be sentenced as a persistent felony offender, with the possibility of a maximum prison sentence of 25 years to life. Defendant then informed County Court that he believed he only had one prior felony conviction and questioned whether he could therefore be classified as a persistent felony offender. County Court explained that such a classification “would have to be formally charged, and the necessary foundation for that would have to be laid[,] before the [c]ourt [could] even consider treating [defendant] as a persistent [felony offender].”
 
 *
 
 County Court then adjourned the proceedings in order to provide defendant more time to discuss the plea offer with counsel. Defendant pleaded guilty four months later. In light of County Court’s reassurance that a proper foundation must be established before defendant could be sentenced as a persistent felony offender, and considering defendant’s belief that such a foundation could not be established, we cannot say that an indication by the People that they intended to ask the court to sentence him as a persistent felony offender constituted coercion to induce defendant’s plea (see People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; People v Coleman, 8 AD3d 825, 826 [2004]).
 

 We also reject defendant’s contention that County Court erred in denying his request, made for the first time at sentencing, for entry into the judicial diversion program. “Courts are afforded great deference in making judicial diversion determinations” (People v Williams, 105 AD3d 1428, 1428 [2013] [citations omitted], lv denied 21 NY3d 1021 [2013]; accord People v Powell, 110 AD3d 1383, 1384 [2013]). A defendant may request participation in the judicial diversion program “[a]t any time after the arraignment . . . , but prior to the entry of a plea of guilty or the commencement of trial” (CPL 216.05 [1] [emphasis added]). Here, defendant’s request was improperly made, as he did not request participation into the program until after he had entered his guilty plea (see People v Williams, 105 AD3d at 1429). County Court denied the request, citing the negotiated plea agreement. Under these circumstances, we cannot say that County Court abused its discretion in denying defendant’s request and imposing the agreed-upon sentence (see CPL 216.05 [1]; see also People v Meddaugh, 150 AD3d 1545, 1548 [2017]).
 

 McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 It is unclear from this record whether defendant was eligible to be sentenced as a persistent felony offender (see Penal Law § 70.10), and no hearing was held on this matter (see CPL 400.20 [1]).