Peters, P.J.
 

 Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 7, 2014, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
 

 Following his sale of cocaine to an undercover police officer on five separate occasions, defendant was indicted and charged with criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Prior to entering a guilty plea to the charged crimes, defendant applied for participation in the judicial diversion program (see CPL art 216). Following an evaluation and a hearing, County Court (Pelella, J.) denied defendant’s request. Defendant subsequently pleaded guilty as charged with the understanding that his sentence would be capped at six years of imprisonment followed by three years of postrelease supervision. County Court (Cawley Jr., J.) thereafter sentenced defendant as a second felony offender to five years in prison followed by three years of postrelease supervision upon each count of the indictment, with said sentences to run concurrently with one another. Defendant now appeals, contending that it was an abuse of discretion to deny his request for judicial diversion and, further, that the sentence imposed was harsh and excessive.
 

 Preliminarily, to the extent that defendant suggests that the agency to which he was referred was not authorized to perform his alcohol and drug assessment, challenges the sufficiency of the evaluation actually performed and/or faults the People for failing to call the evaluator to testify at the hearing, we need note only that defendant failed to raise any objections in this regard at such hearing and, therefore, has failed to preserve these issues for our review (see CPL 470.05 [2]). Turning to the merits, “under the program created by CPL article 216, whether an eligible defendant will be offered judicial diversion pursuant to that article remains within the trial court’s discretion, and [a] defendant is not automatically entitled to judicial diversion” (People v Meddaugh, 150 AD3d 1545, 1547 [2017]; see CPL 216.05 [4]; People v Driscoll, 147 AD3d 1157, 1159 [2017], lv denied 29 NY3d 1078 [2017]; People v Powell, 110 AD3d 1383, 1384 [2013]; People v Buswell, 88 AD3d 1164, 1165 [2011]). Pursuant to the statute, CPL 216.05 required County Court (Pelella, J.)—upon completion of the underlying hearing—to consider and make findings of fact as to whether defendant was eligible for participation in the judicial diversion program, whether he had a history of alcohol or substance abuse or dependance, whether such abuse or dependence was a contributing factor to his criminal behavior, whether his participation in the program could effectively address such abuse or dependence and, finally, whether confinement was or might be necessary for the protection of the public (see CPL 216.05 [3] [b] [i]-[v]; People v Cora, 135 AD3d 987, 989 [2016]).
 

 Although County Court deemed defendant to be eligible for participation in the judicial diversion program and concluded that defendant indeed “may have a history of alcohol or substance abuse,” the court nonetheless denied defendant’s application, finding that any such history was “not a contributing factor to . . . defendant’s criminal behavior.” Defendant now argues that County Court erred in neglecting to address the remaining statutory factors and, in any event, abused its discretion in denying his application for participation in the judicial diversion program. We disagree. Even assuming, without deciding, that County Court indeed was required to consider and make express findings as to each of the enumerated statutory factors, we nonetheless do not find that the court abused its discretion in denying defendant’s request for judicial diversion. Simply put, given defendant’s extensive criminal history, which includes a conviction for a violent felony, the record does not reflect any basis upon which to conclude that granting defendant’s request for judicial diversion would have been appropriate (see People v Driscoll, 147 AD3d at 1159; People v Powell, 110 AD3d at 1384).
 

 As for defendant’s challenge to the severity of the sentence imposed, defendant was promised that his sentence would be capped at six years of imprisonment, and he ultimately was sentenced to five years in prison followed by three years of postrelease supervision. Upon reviewing the record, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Georges, 151 AD3d 1402, 1403 [2017]).
 

 Garry, Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.