People v Perry (2018 NY Slip Op 00494)





People v Perry


2018 NY Slip Op 00494


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

108928

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES PERRY JR., Appellant.

Calendar Date: December 13, 2017

Before: Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Adam H. Van Buskirk, Chateaugay, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 30, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In January 2012, defendant was convicted of aggravated driving while intoxicated with a child, a class E felony, and was sentenced to three weekends in the local jail and five years of probation — subject to various terms and conditions, including not using alcohol or illegal drugs. Thereafter, in April 2016, defendant was charged with violating the terms of his probation by drinking alcohol, snorting cocaine and failing two breath tests on his automotive ignition interlock device and was declared delinquent. Defendant agreed to admit to violating the terms of his probation and to waive his right to appeal in exchange for a prison term of 1 to 3 years and a recommendation for shock incarceration or whatever other programming options
might be available. Following defendant's admissions, County Court found that defendant violated the terms and conditions of his probation and sentenced him to the agreed-upon term of imprisonment with a recommendation for shock incarceration or other programming. This appeal by defendant followed.
The People concede, and we agree, that defendant's waiver of the right to appeal is invalid and, therefore, his challenge to the severity of his sentence is not precluded (see People v Cox, 146 AD3d 1154, 1155 [2017]). That said, we find defendant's argument to be lacking in merit. By defendant's own account, he violated the terms and conditions of his probation in a significant respect by consuming multiple alcoholic beverages, snorting three lines of cocaine and, the following day, twice failing the breath test on the interlock ignition device installed on [*2]his vehicle. In light of this, and as the record otherwise reflects no extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (see generally People v Destouche, 154 AD3d 1003, 1004 [2017]; People v Driscoll, 147 AD3d 1157, 1159 [2017], lv denied 29 NY3d 1078 [2017]), the judgment of conviction is affirmed.
Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.