People v Fatiu (2018 NY Slip Op 00861)





People v Fatiu


2018 NY Slip Op 00861


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

106821

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAHI D. FATIU, Appellant.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Jay L. Wilber, Public Defender, Binghamton (Nathan E. Schwartzman of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 3, 2014, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and attempted criminal possession of a controlled substance in the third degree.
In 2012, defendant was charged in an indictment with a number of crimes, the most serious of which was assault in the second degree, as the result of an incident in which he left the scene of a motor vehicle accident and punched a police officer while attempting to evade arrest. In 2013, he was found to be in possession of a quantity of heroin and was charged in another indictment with criminal possession of a controlled substance in
the third degree. In satisfaction of both indictments, defendant pleaded guilty to assault in the second degree and attempted criminal possession of a controlled substance in the third degree. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to three years in prison followed by five years of postrelease supervision on the assault conviction and three years in prison followed by two years of postrelease supervision on the controlled substance conviction, which sentences were to run concurrently. County Court specifically advised defendant that if he committed any other crimes prior to sentencing, it would not be bound by the sentencing commitment and could substantially enhance the sentence. Prior to sentencing, defendant was arrested and charged with criminal possession of a controlled substance in the third degree. Defendant agreed to a disposition that would include the dismissal [*2]of this charge in exchange for the imposition of an enhanced sentence on the crimes to which he had previously pleaded guilty. Accordingly, County Court imposed upon defendant concurrent sentences of five years in prison followed by five years of postrelease supervision on the assault conviction and three years in prison followed by two years of postrelease supervision on the controlled substance conviction. He now appeals.
Initially, defendant's challenge to the sufficiency of the evidence presented to the grand jury, including the purported lack of instruction on the justification defense, is precluded by his plea of guilty (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Caban, 89 AD3d 1321, 1322 [2011]). Upon reviewing the record, we find that his further claim that he was denied the effective assistance of counsel is unavailing. "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Kahn, 139 AD3d 1261, 1264 [2016] [internal quotation marks and citations omitted], lvs denied 28 NY3d 932, 934 [2016]; see People v Driscoll, 147 AD3d 1157, 1158 [2017], lv denied 29 NY3d 1078 [2017]). Here, defense counsel made a comprehensive omnibus motion challenging, among other things, the sufficiency of the evidence before the grand jury and was successful in obtaining the suppression of some evidence, as the People agreed not to pursue an appeal of a suppression ruling in exchange for defendant's guilty plea. Counsel's failure to request a probable cause hearing was entirely reasonable given the supporting deposition of the officer who was punched by defendant. Likewise, given that the officer's deposition detailed his injuries and defendant admitted to physically injuring the officer, counsel's failure to obtain the officer's medical records was not an egregious omission. In view of this, and considering that counsel secured a favorable plea that, even after enhancement of the sentence, subjected defendant to substantially less time in prison than he could have received if the sentences were imposed consecutively, we find that he was provided meaningful representation (see People v Driscoll, 147 AD3d at 1158-1159; People v Beekman, 134 AD3d 1355, 1357 [2015], lv denied 27 NY3d 992 [2016]).
Egan Jr., J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.