Matter of Henry v Fandrich (2018 NY Slip Op 01763)





Matter of Henry v Fandrich


2018 NY Slip Op 01763


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


262 OP 17-01798

[*1]IN THE MATTER OF CHARLES E. HENRY, JR., PETITIONER-PLAINTIFF,
H
v
ON. MARK H. FANDRICH, JON E. BUDELMANN, ESQ., CAYUGA COUNTY DISTRICT ATTORNEY'S OFFICE AND COUNTY OF CAYUGA, RESPONDENTS-DEFENDANTS. 






JARROD W. SMITH, P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR PETITIONER-PLAINTIFF.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (FREDERICK R. WESTPHAL OF COUNSEL), FOR RESPONDENTS-DEFENDANTS JON E. BUDELMANN, ESQ., CAYUGA COUNTY DISTRICT ATTORNEY'S OFFICE AND COUNTY OF CAYUGA. 


 Hybrid CPLR article 78 proceeding and declaratory judgment action (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]). Petitioner-plaintiff seeks, inter alia, a declaration that he is eligible for judicial diversion and that respondent-defendant judge should have referred his case to the Cayuga County Treatment Court Judge for a hearing. 
It is hereby ORDERED that said petition/complaint is unanimously denied without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this original hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that he is eligible for judicial diversion and that respondent-defendant judge (respondent judge) should have referred his case to the Cayuga County Treatment Court Judge for a hearing. Respondent judge found that petitioner was statutorily eligible for diversion pursuant to CPL 216.00, but he denied petitioner's application to transfer his case to judicial diversion. We conclude that petitioner is not entitled to mandamus relief. "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]). Inasmuch as the determination whether to allow a defendant to participate in judicial diversion is a discretionary one to be made by the court (see CPL 216.05 [4]; People v Driscoll, 147 AD3d 1157, 1159 [3d Dept 2017], lv denied 29 NY3d 1078 [2017]; Matter of Doorley v DeMarco, 106 AD3d 27, 34 [4th Dept 2013]), petitioner has failed to demonstrate a clear legal right to the relief sought (see Matter of Carty v Hall, 92 AD3d 1191, 1192 [3d Dept 2012]; Matter of Duffy v Jaeger, 78 AD3d 830, 830 [2d Dept 2010], lv denied 17 NY3d 705 [2011]; see generally Matter of Francois v Dolan, 95 NY2d 33, 37 [2000]). We further conclude that petitioner is not entitled to a writ of prohibition or declaratory relief. Those forms of relief are not appropriate where a criminal defendant may "raise legal arguments and receive appropriate relief . . . in the criminal prosecution" (Cayuga Indian Nation of N.Y. v Gould, 14 NY3d 614, 633 [2010], cert denied 562 US 953 [2010]). Petitioner may raise the legal arguments he now raises in an appeal from any subsequent judgment of conviction (see e.g. People v Chavis, 151 AD3d 1757, 1758 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v DeYoung, 95 AD3d 71, 77-80 [2d Dept 2012]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court