People v Conley (2018 NY Slip Op 03877)





People v Conley


2018 NY Slip Op 03877


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

108402

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RENO A. CONLEY, Appellant.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Amanda FiggsGanter, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 22, 2016, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.
Defendant was charged in a five-count indictment with forgery in the second degree and other unrelated crimes stemming from his theft of a credit card from a woman's purse and subsequent use of it to make a purchase at a market. Pursuant to a negotiated plea agreement that included a waiver of appeal and satisfied all charges in the indictment and numerous other charges, defendant pleaded guilty to forgery in the first degree and signed a written waiver of appeal. County Court thereafter imposed the agreed-upon prison sentence of 2½ to 5 years, as an admitted second felony offender. Defendant now appeals.
We affirm. Defendant's contention that his guilty plea was not knowing, voluntary and intelligent survives his unchallenged appeal waiver but was not preserved by an appropriate postallocution motion on this ground, despite an adequate opportunity to do so (see CPL 220.60 [3]; People v Forest, 141 AD3d 967, 968 [2016], lv denied 28 NY3d 1145 [2017])[FN1]. Moreover, [*2]the narrow exception to the preservation rule is inapplicable (see People v Williams, 27 NY3d 212, 220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). During the plea allocution, defendant admitted that he used the victim's credit card, but initially stated that he "didn't sign nothing" and "[n]ever signed the receipt." County Court engaged defendant in a further inquiry, explaining that the People were in possession of a signed receipt, which defendant was captured on video signing. After defendant conferred with counsel, he admitted under oath that he had signed the receipt without authorization and pleaded guilty. Thus, the court satisfied its duty of further inquiry and ensured that defendant admitted all of the elements of the crime, establishing that the guilty plea was knowing, voluntary and intelligent (see People v Lopez, 71 NY2d at 666-668; People v Young, 158 AD3d 955, 956 [2018]; see also People v Cuevas, 140 AD3d 1313, 1317 [2016]). "Having failed to express, in any way, dissatisfaction with the court's remedial action [despite ample opportunity to do so prior to imposition of sentence], defendant has waived any further challenge to the allocution, and thus no issue is preserved" (People v Lopez, 71 NY2d at 668; see People v Williams, 27 NY3d at 222-223).
With regard to the sentence, the record belies defendant's claim that County Court failed to exercise its discretion in declining to grant judicial diversion (see CPL 216.05 [1]). To that end, the court considered defendant's request and determined that he was not an appropriate candidate, and defendant was "not automatically entitled to judicial diversion" (People v Clarke, 155 AD3d 1242, 1243 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 1114 [2018]; cf. CPL 216.05 [4]), which was never a part of the plea agreement. His challenges to the court's discretionary decision not to have him evaluated for, and to deny, judicial diversion and to the agreed-upon sentence as harsh and excessive are precluded by his waiver of appeal (see People v Wood, 150 AD3d 1544, 1545 [2017]). We have examined defendant's remaining claims and determined that they lack merit.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court set forth that a waiver of appeal was a condition of the plea agreement and confirmed that defendant understood its consequences and separate and distinct nature, and defendant voluntarily agreed to this condition. Thus, we find that the oral colloquy establishes that the waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]), notwithstanding that defendant did not confirm that he had read and understood the written waiver of appeal that he acknowledged signing, in which defense counsel also joined (see People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]).