People v McKoy (2019 NY Slip Op 06543)





People v McKoy


2019 NY Slip Op 06543


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

109114

[*1]The People of the State of New York, Respondent,
v
Orraine S. Mckoy, Also Known as 50, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant, and appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered December 5, 2016, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest.

 In satisfaction of two indictments charging him with various drug-related and other crimes, defendant pleaded guilty to criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest. Under the terms of the plea agreement, he was required to waive his right to appeal. Defendant was advised of the maximum sentences that could be imposed. The People proposed concurrent sentences of 5½ years on the drug-related convictions, but the plea agreement did not include any promises with respect to sentencing. Despite being cautioned that County Court reserved the right to impose a higher sentence if defendant failed to appear for sentencing, defendant failed to appear and a warrant was issued for his arrest. When he eventually appeared, he was sentenced, upon each of his convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, to eight years in prison, followed by two years of postrelease supervision, and, upon his conviction of resisting arrest, to six months in jail, all sentences to run concurrently.[FN1] Defendant appeals. 

 Initially, defendant contends that his waiver of the right to appeal is invalid. Based upon our review of the record, we agree. County Court engaged in a very abbreviated exchange with defendant concerning the waiver, failed to advise him that it was separate and distinct from the other rights that he was forfeiting by pleading guilty and did not ascertain that he fully understood its many ramifications (see People v Latifi, 171 AD3d 1351, 1351 [2019]; People v Rivera, 164 AD3d 1543, 1544 [2018]). Moreover, although defendant signed a written waiver, County Court did not confirm that he read it or that he understood it after conferring with counsel (see People v Cook, 171 AD3d 1361, 1361 [2019]; People v Levielle, 161 AD3d 1391, 1392 [2018]).

 Given the invalidity of the appeal waiver, defendant's challenge to the severity of the sentence is properly before us for review (see People v Cook, 171 AD3d at 1361; People v Nealon, 166 AD3d 1225, 1226 [2018]). However, we find his challenge to be unavailing. Defendant was found to be in possession of a large quantity of cocaine after he was apprehended by police following a foot chase, leading to the charges contained in the first indictment. While this indictment was pending and defendant was out on bail, he was charged in a second indictment with additional drug-related crimes. Not to be overlooked, he failed to appear for sentencing, resulting in the issuance of a bench warrant. The plea agreement did not include a sentencing commitment, and the prison terms that were ultimately imposed on the class B felony drug convictions were less than the statutory maximum (see Penal Law § 70.70 [2] [a] [i]) and could have been imposed consecutively. In view of the foregoing, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Morrow, 163 AD3d 1265, 1266 [2018]; People v Whalen, 101 AD3d 1167, 1169 [2012], lv denied 20 NY3d 1105 [2013]). 

 Lastly, defendant contends in his pro se supplemental brief that County Court improperly denied his application to be considered for participation in a judicial diversion program (see CPL 216.05). Under the governing statute, "[u]pon the completion of a hearing on the issue of whether a defendant should be offered judicial diversion, the court 'shall consider and make findings of fact with respect to whether: (i) the defendant is an eligible defendant as defined in [CPL 216.00 (1)]; (ii) the defendant has a history of alcohol or substance abuse or dependence; (iii) such alcohol or substance abuse or dependence is a contributing factor to the defendant's criminal behavior; (iv) the defendant's participation in judicial diversion could effectively address such abuse or dependence; and (v) institutional confinement of the defendant is or may not be necessary for the protection of the public" (People v Cora, 135 AD3d 987, 989 [2016], citing CPL 216.05 [3] [b]). Significantly, "[c]ourts are accorded great deference in making judicial diversion determinations" (People v Powell, 110 AD3d 1383, 1384 [2013] [internal quotation marks and citations omitted]; see People v Clarke, 155 AD3d 1242, 1243 [2017], lv denied 30 NY3d 1114 [2018]).

 Here, County Court conducted a hearing, obtained testimony from defendant and considered various documents, including records pertaining to defendant's drug treatment at a facility in the Bronx, prior to issuing its determination. The court concluded that, although defendant was an eligible defendant as defined in CPL 216.00 (1) and had a history of drug abuse, his drug abuse was not a factor contributing to his criminal behavior, as there was no evidence that he was under the influence of drugs at the time that he committed the subject crimes. The court further found that defendant did not have ties to the local area and traveled there from his home in the Bronx on two occasions to sell drugs. In view of this, the court concluded that judicial diversion would not necessarily address his substance abuse problem and that institutional confinement was appropriate. Inasmuch as these findings are supported by the record, we find no abuse of discretion in County Court's denial of defendant's application (see People v Clarke, 155 AD3d at 1244; People v Powell, 110 AD3d at 1384).

 Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.



 ORDERED that the judgment is affirmed.









Footnotes

Footnote 1: County Court initially included a three-year term of postrelease supervision for each of the sentences for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, but this error was later corrected and the proper term of two years of postrelease supervision was imposed.