People v Eady (2020 NY Slip Op 00703)





People v Eady


2020 NY Slip Op 00703


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


48 KA 15-00763

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY L. EADY, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 26, 2015. The judgment convicted defendant upon a jury verdict of criminal possession of a forged instrument in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We reject defendant's contention that Supreme Court's Molineux ruling constituted an abuse of discretion. The evidence was particularly relevant on the issues of defendant's intent to defraud or knowledge that the instruments were forged (see People v Bastian, 294 AD2d 882, 883 [4th Dept 2002], lv denied 98 NY2d 694 [2002]; People v Aiken, 293 AD2d 623, 623 [2d Dept 2002], lv denied 98 NY2d 672 [2002]; People v Brand, 135 AD2d 1125, 1125 [4th Dept 1987], lv denied 70 NY2d 1004 [1988]). The probative value of that evidence outweighed its prejudicial effect (see generally People v Williams, 101 AD3d 1730, 1731 [4th Dept 2012], lv denied 21 NY3d 1021 [2013]). We reject defendant's further contention that the court abused its discretion in not allowing him to plead guilty prior to trial. Defendant requested to plead guilty with a promised sentence of 3½ to 7 years, but the court refused to agree to any promised sentence. A court has the power to determine the appropriate sentence (see People v Williams, 158 AD2d 930, 930-931 [4th Dept 1990], lv denied 75 NY2d 971 [1990]), and we perceive no abuse of the court's discretion here.
Finally, defendant contends that County Court (Dinolfo, J.) abused its discretion by denying defendant's request to participate in the judicial diversion program. We reject that contention. The court did not abuse its discretion in determining that defendant was not an appropriate candidate for the program because of the lack of any connection between his criminal behavior and his substance abuse issues, his extensive criminal history, and the threat defendant posed to other program participants and the general public (see People v Clarke, 155 AD3d 1242, 1243-1244 [3d Dept 2017], lv denied 30 NY3d 1114 [2018]; People v Chavis, 151 AD3d 1757, 1758 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Pittman, 140 AD3d 989, 989 [2d Dept 2016]; see generally CPL 216.05 [3] [b]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court