People v Vezequ (2022 NY Slip Op 03145)





People v Vezequ


2022 NY Slip Op 03145


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

109977B
[*1]The People of the State of New York, Respondent,
v
Mindy Vezequ, Appellant.

Calendar Date:April 15, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered March 21, 2017, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Pursuant to the terms of the plea agreement, defendant purportedly waived the right to appeal and executed a written waiver in open court. Defendant failed to appear for sentencing and a bench warrant was issued. When defendant eventually appeared, County Court sentenced her, as a second felony offender, to three years in prison, to be followed by three years of postrelease supervision. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (192 AD3d 1194 [2021]).
Initially, we agree with defendant that her appeal waiver was not knowing, intelligent and voluntary. The written appeal waiver signed by defendant contained overbroad language indicating that she was relinquishing any right to appeal so long as County Court sentenced her in accordance with the plea agreement and the colloquy "did not overcome this defect by ensuring that defendant understood that some appellate rights survive the appeal waiver" (People v Robinson, 195 AD3d 1235, 1236 [2021]; see People v Thomas, 34 NY3d 545, 566 [2019]; People v Stratton, 201 AD3d 1201, 1202 [2022]). Accordingly, defendant's appeal waiver was invalid.
To the extent that defendant challenges County Court's denial of her request, made for the first time at sentencing, that she be allowed to participate in the judicial diversion program, defendant did not follow the statutory procedures for participation in the program (see CPL 216.05 [1], [3]; People v Miller, 154 AD3d 1002, 1003 [2017]). Nonetheless, "[c]ourts are afforded great deference in making judicial diversion determinations" (People v Williams, 105 AD3d 1428, 1428 [2013], lv denied 21 NY3d 1021 [2013]; accord People v Powell, 110 AD3d 1383, 1384 [2013]) and, given the colloquy between the People, defense counsel and County Court, which reflected that defendant had previously been terminated from a judicial diversion program, we discern no abuse of discretion in the court's denial of defendant's request. Finally, we reject defendant's contention that her sentence is harsh and excessive.[FN1] The sentence is within the permissible statutory range (see Penal Law § 70.70 [1] [b]; 3 [b] [ii]) and, given defendant's criminal history, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Barzee, 190 AD3d 1016, 1022 [2021], lv denied 36 NY3d 1094 [2021]; People v Shook, 177 AD3d 1030, 1031 [2019]).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant has been released from prison, she is on parole and, therefore, her contention is not moot (see People v Winters, 196 AD3d 847, 850 [2021], lvs denied 37 NY3d 1025, 1030 [2021]).