■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETH WOODRUFF, Appellant. [25 NYS3d 383]—

---

Appeals (1) from a judgment of the County Court of Franklin County (Main Jr., J.), rendered December 16, 2013, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, and (2) from a judgment of said court, rendered November 10, 2014, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to an indictment charging her with criminal sale of a controlled substance in the fourth degree, as well as criminal possession of a controlled substance in the fifth degree, and, in accordance with the plea agreement, she was sentenced to five years of probation, but was later charged with violating its terms. Defendant admitted to using marihuana and cocaine and failing to report, both in violation of the terms and conditions of her underlying probation. In exchange, she was to be sentenced on the underlying crimes to concurrent prison terms of 2½ years, to be followed by one year of postrelease supervision. County Court revoked her probation and resentenced her accordingly. She now appeals from the judgment of conviction and the judgment of resentencing.

Defendant's sole contention is that the term of imprisonment imposed by County Court is harsh and excessive.* We disagree. She admittedly continued engaging in drug use and failing to report while on probation, which resulted in its revocation. Moreover, the prison term imposed by County Court was within the parameters specifically agreed to by defendant. Inasmuch as there are no extraordinary circumstances nor an abuse of discretion warranting a reduction of the resentence in the interest of justice, we decline to disturb it (see People v Harrison, 93 AD3d 995, 995 [2012], lv denied 19 NY3d 961 [2012]; People v Cherry, 263 AD2d 683, 683 [1999], lv denied 93 NY2d 1016 [1999]).

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the judgments are affirmed.

---

* Although County Court briefly mentioned a waiver of appeal during resentencing, the record does not disclose that defendant actually waived her right to appeal with respect to the resentence, and the People concede that there was no colloquy between County Court and defendant in this regard.