Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 7, 2015, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant waived indictment and was charged in a superior court information with the crime of criminal sexual act in the second degree after engaging in oral sexual conduct with a female victim, who was under the age of 15. In satisfaction thereof, as well as a pending sexual misconduct charge, he pleaded guilty to this crime and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to six months in jail and 10 years of probation. Defendant violated the conditions of his probation on two occasions thereafter, but his probation was continued. After he violated the conditions of his probation a third time, however, *1422 his probation was revoked and he was resentenced on the underlying crime to six years in prison, to be followed by 10 years of postrelease supervision. He now appeals.
Defendant’s sole contention is that the resentence is harsh and excessive.* We find his argument to be unpersuasive. The resentence is consistent with the sentencing option chosen by defendant at the time that he entered an admission to violating his probation the second time. Indeed, defendant elected to have his probation continued for eight months and, in the event of any further violations during this time period, agreed that his probation would be revoked and he would be resentenced to a maximum of seven years in prison, to be followed by 10 years of postrelease supervision. Notably, the resentence was slightly less than the option to which defendant agreed. In addition, the record discloses that defendant exhibited a blatant disregard for the conditions of his probation and did not express remorse for his actions. In view of the foregoing, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Foulkes, 117 AD3d 1176, 1177-1178 [2014], lv denied 24 NY3d 1084 [2014]; see also People v Green, 108 AD3d 782, 787 [2013], lv denied 21 NY3d 1074 [2013]).
Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.
Ordered that the judgment is affirmed.

 Defendant is not precluded by his original waiver of the right to appeal from challenging the resentence (see People v Vallance, 137 AD3d 1327, 1327-1328 [2016]).