People v Capone (2018 NY Slip Op 02684)





People v Capone


2018 NY Slip Op 02684


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

109051

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
AARON T. CAPONE, Appellant.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 17, 2015, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated, and (2) from a judgment of said court (Champagne, J.), rendered October 11, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to aggravated driving while intoxicated and waived his right to appeal. After successfully completing a period of interim probation, County Court (Richards, J.) sentenced defendant to five years of probation. Thereafter, defendant admitted to violating a condition of his probation by consuming alcohol. County Court (Champagne, J.) then revoked
defendant's probation and resentenced him to 1 to 3 years in prison followed by three years of conditional discharge. Defendant appeals from both judgments.
Defendant's sole contention on appeal is that the negotiated resentence was harsh and excessive [FN1]. We disagree. Given defendant's acknowledgment that he repeatedly consumed alcohol while on probation, his lengthy criminal history and that the agreed-upon sentence was the statutory minimum prison term (see Penal Law § 70.00 [2] [e]; [3] [b]), we find no [*2]extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Woodruff, 136 AD3d 1073, 1074 [2016]; People v Brand, 100 AD3d 1154, 1154 [2012]).
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1: Defendant's original waiver of the right to appeal does not preclude his challenge to the resentence (see People v Middlemiss, 149 AD3d 1421, 1422 n [2017]).