People v Regan (2018 NY Slip Op 04795)





People v Regan


2018 NY Slip Op 04795


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

109173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
PATRICK N. REGAN, Appellant.

Calendar Date: May 8, 2018

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered October 24, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree (two counts), and (2) from a judgment of said court, rendered January 25, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree (two counts) and waived his right to appeal with the understanding that he would receive a split sentence of six months in the local jail and five years of probation. Defendant thereafter was sentenced — as an admitted second felony offender — to the agreed-upon split sentence, which was to be served concurrently. Less than two months later, defendant tested positive for suboxone (for which he did not have a valid prescription) and was charged with violating the terms and conditions of his probation. Defendant waived a hearing and agreed to admit to violating his probation in exchange for a prison term of four years followed by two years of postrelease supervision. Following defendant's admission, County Court resentenced defendant accordingly [FN1]. These appeals ensued.
Defendant's sole argument upon appeal is that the negotiated resentence imposed was harsh and excessive. We disagree. Given defendant's criminal history, his admitted inability to comply with the terms and conditions of his probation and the fact that the agreed-upon resentence was well within the statutory range (see Penal Law § 70.70 [3] [b] [ii]), we discern "no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice" (People v Capone, 160 AD3d 1221, 1221 [2018]; see People v Weidow, 150 AD3d 1488, 1488-1489 [2017]; People v Woodruff, 136 AD3d 1073, 1074 [2016]). Accordingly, the judgments are affirmed.
Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1: Defendant was resentenced to concurrent prison terms of four years followed by two years of postrelease supervision upon his conviction under count 4 of the indictment and one year in jail followed by one year of postrelease supervision upon his conviction under count 5 of the indictment.